THE LAW OFFICES OF
## DAVID CLIFFORD HOLLAND
A PROFESSIONAL CORPORATION

MEMBER OF NEW YORK, NEW JERSEY, AND MARYLAND BARS

January 21, 2014

BY Fax: 212-805-0426
AND REGULAR MAIL

USDC SDNY
DOCUMENT
ELECTRONICALLY
DOC #:
DATE FILED: JAN 2 2 2014

The Hon. Laura Taylor Swain
US District Court Judge - SDNY
500 Pearl Street
New York, New York 10007

MEMO ENDORSED

Re: US v Rodriguez, MATTHEW STANG, et al., Docket # 10 Cr. 905 (LTS)
Request for Clarification of Sentence To Serve Contemporaneous Home and Community Confinement

Dear Judge Swain:

Please be advised that I am post-conviction counsel to Matthew Stang in the above captioned matter. I am also assisting Gordon Mehler, Esq., who is presently on trial before you in an unrelated matter.

I am writing to you seeking clarification of the sentence which the Court imposed on October 22, 2013 so that probation may permit Mr. Stang to serve his period of home detention and community confinement concurrently. Probation has no objection to the confinement being served concurrently, but has asked that we seek clarification from the Court so they are able to implement the Court's desire. The confusion stems from the following.

At the time of sentence, the Court stated:

"You [Mr. Stang] are to be sentenced to time served on your count of conviction, to be followed by two years of supervised release with special conditions, *including four weeks of community confinement to be served at the direction of the probation department, which are not required to be served as consecutive weeks, and six additional months of home confinement to be served at the direction of the probation department during the two year period of supervised release.*"
-*October 22, 2013 Sentencing Transcript, Pgs. 27-28, attached hereto.*

It is my understanding that the concern to probation is that under the present wording, Mr. Stang cannot begin to serve his six months of home detention until after his four weeks of community confinement has been fulfilled. That reading seems to be contrary to the standard practices of probation to permit such sentence conditions to be fulfilled contemporaneously. In fact, should the Court clarify the sentence, probation has arrangements in place for Mr. Stang to start serving the community confinement portion immediately. Hence, the necessity of this letter seeking clarification from the Court at this time which will benefit all the parties.

THE FISK BUILDING - 250 WEST 57TH STREET - SUITE 920 - NEW YORK, NEW YORK 10107
PHONE 212-935-4500 - DCH@HOLLANDLITIGATION.COM - 212-980-6881 FAX

-Letter to Judge Swain, cont'd-

    I have spoken with AUSA Amy Ely with regard to this matter. While she takes no official position with regard to the request, she has no objection to the Court permitting Mr. Stang to serve the community confinement and home detention periods simultaneously.

Sincerely,

David C. Holland, Esq.
Post-Conviction Attorneys for Matthew Stang

cc:   AUSA Amie Ely
      US Attorney's Office - SDNY
      By Email Only: Amie.Ely@usdoj.gov

      AUSA Sarah McCallum
      US Attorney's Office - SDNY
      By Email Only: Sarah.McCallum@usdoj.gov

      Gordon Mehler, Esq.
      Trial Counsel for Matthew Stang
      By Email Only: Gmehler@MehlerLaw.com

*The two elements of the sentence may be served concurrently.*

**SO ORDERED:**

1/22/14

HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

THE FISK BUILDING - 250 WEST 57TH STREET - SUITE 920 - NEW YORK, NEW YORK 10107
PHONE 212-935-4500 - DCH@HOLLANDLITIGATION.COM - 212-980-6881 FAX